DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Embrassia T. Smith appeals from a judgment in the Lorain County Court of Common Pleas recognizing that she is a sexually oriented offender. This Court affirms.
The pertinent facts underlying this judgment are as follows. On October 23, 1996, Smith was indicted by the Lorain County Grand Jury on two counts of corruption of a minor in violation of former2907.04(A), felonies of the third degree, and two counts of corruption of a minor in violation of current R.C. 2907.04(A), felonies of the fourth degree.[1] The indictment alleged that from February 1, 1996, through June 30, 1996, and from July 1, 1996, through July 28, 1996, the then-nineteen-year-old Smith had engaged in sexual conduct with a juvenile male. Smith initially pleaded not guilty to the charges, then changed her plea to guilty in October 1997. On December 29, 1997, Smith was sentenced to three years probation, to three years community control, to perform one hundred hours of community service, to undergo treatment, and to refrain from further contact with the victim.
Subsequently, on February 23, 1998, a sexual predator hearing was held in the Lorain County Court of Common Pleas. In an entry journalized that same day, the trial court stated that it found Smith to be a sexually oriented offender.
Smith timely appeals, asserting two assignments of error.
 Assignment of Error No. I THE TRIAL COURT ERRED TO THE PREJUDICE OP THE APPELLANT WHEN IT DENIED THE APPELLANT'S MOTION TO DISMISS THE PROCEEDINGS BECAUSE THE TRIAL COURT LACKED JURISDICTION.
In connection with her first assignment of error, Smith argues that, "[b]y statute, the trial court lacked jurisdiction to label [her] a sexual offender because the labeling must occur prior to sentencing," and that the resulting label prejudiced her because "the labeling and registration requirements [im]pose additional burdens and punishments." This Court rejects both contentions as meritless.
Smith's argument that the trial court was divested of jurisdiction to label her a sexually oriented offender because the court did so at a post-sentencing hearing mischaracterizes the operation of R.C. Chapter 2950. The duties arising from a defendant being a sexually oriented offender are independent of a sexual predator hearing and arise not by court order, but by statutory imposition. R.C. 2950.04 became effective on July 1, 1997, and provides:
 (A) Each offender who is convicted of or pleads guilty to, or has been convicted of or pleaded guilty to, a sexually oriented offense * * * shall register at the following time and with the following official:
* * *
 (2) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for a sexually oriented offense on or after the effective date of this section and if division (A)(1) of this section does not apply, within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days, the offender shall register with the sheriff of that county.
R.C. 2950.07(A)(2) provides that this duty shall commence "on the date of entry of the judgment of conviction of the sexually oriented offense or on the effective date of this section, whichever is later."
In the instant case, Smith pleaded guilty in October 1997 to violating former R.C. 2907.04(A) and current R.C. 2907.04(A), defined pursuant to R.C. 2950.01(D)(2)(a) and (5) as sexually oriented offenses, and was sentenced on December 29, 1997. Accordingly, her duty to register as a sexually oriented offender arose not by the trial court's perfunctory February 23, 1998 hearing and journalization of its "finding" concerning Smith and the registration and notification requirements imposed upon her, but was the result of her conviction for a sexually oriented crime. Although the trial court purported to find that Smith was a sexually oriented offender, that label attached to Smith as a matter of law and not as the result of the trial court's action. Such action by the trial court was in fact unnecessary, for as this Court has explained, "[p]ursuant to R.C. 2950.04, a defendant who has been convicted of or pleaded guilty to a sexually oriented offense must register in accordance with the statute * * *. Thisduty arises regardless of whether a sexual predator determinationhearing is held pursuant to R.C. 2950.09 or not." (Emphasis added.) State v. Rimmer (Apr. 29, 1998), Lorain App. No. 97CA006795, unreported, affirmed (1998), 84 Ohio St.3d 48.[2]
See, also, State v. Goodballet (Mar. 30, 1999), Columbiana App. No. 98 CO 15, unreported (noting that a sexually oriented offender status "does not require adjudication" and that "[a] trial court adds nothing by classifying a defendant as such and the offender is not prejudiced as the individual has in fact committed a sexually oriented offense as defined by statute"); State v. Redden
(Mar. 19, 1999), Lucas App. No. L-98-1087, unreported.
Although the trial court did not provide Smith with notice of her status at the time of her sentencing as called for under R.C.2950.03(A)(2), Smith has failed to demonstrate that she has been prejudiced by the trial court's delay.[3] While Smith argues that the labeling and registration requirements constitute prejudicial punishment, it is well settled that the labeling and registration requirements of R.C. Chapter 2950 do not constitute criminal punishment. State v. Jameson (Apr. 22, 1998), Lorain App. No. 97CA006704, unreported.
Accordingly, Smith's first assignment of error is not well taken.
 Assignment of Error No. II THE TRIAL COURT ERRED WHEN IT DID NOT FIND THE PROCEEDINGS IN ACCORDANCE [WITH] R.C. 2950 ET SEQ. UNCONSTITUTIONAL UNDER THE UNITED STATES CONSTITUTION AND THE STATE OF OHIO CONSTITUTION.
In connection with her second assignment of error, Smith raises numerous constitutional arguments that this Court has previously addressed and found wanting. Specifically, Smith argues that R.C. Chapter 2950 violates Section 10, Article I of the United States Constitution and Section 28, Article II of the Ohio Constitution, that her equal protection rights were violated, that R.C. Chapter 2950 violates the constitutional prohibitions against double jeopardy and cruel and unusual punishment, and that R.C. Chapter 2950 is void for vagueness.
Accordingly, this Court reiterates its previous holding that R.C. 2950 et seq. does not violate Section 10, Article I of the United States Constitution or Section 28, Article II of the Ohio Constitution. State v. Alexander (Apr. 14, 1999), Summit App. No. 18823, unreported. Further, R.C. Chapter 2950 does not violate the constitutional prohibitions against equal protection violations, double jeopardy, and cruel and unusual punishment.State v. Lawson (Apr. 14, 1999), Lorain App. No. 97CA006776, unreported. Nor does Smith's contention that R.C. Chapter 2950 is void for vagueness possess merit. See Alexander, supra.
Smith's second assignment of error is overruled. The judgment of the court of common pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ DONNA J. CARR
FOR THE COURT
SLABY, P. J.
WHITMORE, J.
CONCUR
[1] The degree of the offense was changed as a result of Am.Sub.S.B. No. 2, which became effective July 1, 1996.
[2] Although the defendant in Rimmer fell under R.C.2950.04(A)(1), and Smith falls under R.C. 2950.04(A)(2), the distinction has no legal significance in this instance because the same rationale applies.
[3] Because the issue is not before the Court at this time, this Court need not — and does not — express an opinion on whether a trial court's failure to provide timely notification of the registration requirements imposed upon a sexually oriented offender provides that individual with a defense for failure to register.